IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARGILL, INCORPORATED,**       Plaintiff, <br><br> v. <br><br> **LGX LLC, ET AL.,**       Defendants. | **CIVIL ACTION NO. 00-4252** |

### MEMORANDUM ORDER

**Tucker, J.**                                                                                          July 18, 2007

        Presently before this Court is Plaintiff's Motion to Compel (Doc. 149), the Trustee's Response in Opposition (Doc. 150), Plaintiff's Motion for Leave to File a Reply Brief (Doc. 151), the Trustee's Motion to Continue (Doc. 153), Plaintiff's Response (Doc. 156), a Motion for Protective Order filed by Keith R. Dutill and Lee A. Rosengard (Doc. 155), and Plaintiff's Response (Doc. 158).

        This action relates to a patent infringement matter originally filed in 2000. In August 2001, the parties, seeking to settle, the patent infringement matter executed a Memorandum of Understanding (the "MOU"), which set out the terms of their agreement. The parties now dispute the enforceability of the MOU. The Trustee seeks to enforce the MOU while Cargill claims that the MOU is not an enforceable contract because, *inter alia*, there was no meeting of the minds at the mediation.

        The Trustee has identified Keith Dutill and Lee Rosengard, former attorneys for LGX and Donald Hall, as potential witnesses at the upcoming hearing on the Trustee's Motion to Enforce the Settlement Agreement. Cargill sought discovery from the Trustee's proposed witnesses. However, Dutill and Rosengard objected to producing the requested documents on

the basis of attorney-client privilege and work product immunity. The Trustee similarly asserted those privilege objections and further asserted that the requests were "overly broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." (Pl. Mot. Compel Ex. 6, 7).

Cargill maintains that the privilege objections are without merit because the attorney-client privilege and work product immunity have been waived. It is undisputed that in May 2006, the Hinton Economic Development Authority ("HEDA"), a non-party to this action, produced documents which contain privileged communications related to: 1) the mediation, 2) the resulting MOU, and 3) the parties efforts to negotiate a final settlement agreement. The Trustee, Cargill contends, never objected to HEDA's production of these documents. Declarations made by Keith Dutill, submitted to this Court by the Trustee, also waived the attorney-client privilege, according to Cargill.

The Trustee avers that LGX and HEDA shared a community of interest and were represented by the same attorney on several of the same matters.[1] LGX shared privileged documents with HEDA, some of which Cargill received from HEDA pursuant to a subpeona issued by Cargill in LGX's bankruptcy proceeding. Thus, the Trustee contends that the privilege was not waived and not only should Cargill's motion to compel be denied but Cargill should be ordered to return LGX's ostensibly privileged documents.[2]

---

[1] However, for reasons discussed *infra* it is important to note that the Trustee does not assert that the disclosures made during those matters are in any way related to the documents sought in the present dispute.

[2] In its response the Trustee also asserted that the Dutill declaration contains no confidential information, and so there is no privilege to waive. In support of its argument the Trustee cites Bausch & Lomb, Inc. v. Alcon Lab. Inc., 1996 WL 3605, at *6 (W.D.N.Y. Jan. 26, 1996), for the proposition that the disclosure of privileged information during settlement conferences does not constitute a waiver of privilege. The Trustee has since abandoned this argument and acknowledged that Bausch & Lomb was erroneously quoted and in fact held that the

          Since, the parties do not dispute the applicability of the attorney-client privilege to the documents and communications in dispute, the primary issue before this Court is whether the actions of Defendants served to waive the privilege.  The Court will therefore limit its discussion to the Trustee's central contention; the applicability of the community of interest doctrine.

**The Community of Interest Doctrine**

        "The common interest doctrine is the exception to the general rule that the attorney-client privilege is waived upon disclosure of privileged information with a third party." Katz v. AT&T Corp., 191 F.R.D. 433, 436 (E.D. Pa. 2000).  Known also as the community of interest doctrine, the common interest doctrine protects parties, with shared interest in actual or potential litigation against a common adversary, from waiving their right to assert privilege when they share privileged information.  Id.  "The nature of the interest, however, must be 'identical, not similar, and be legal, not solely commercial." Id. (citing In re Regents of the Univ. of Cal, 101 F. 3d 1386, 1390 (Fed. Cir. 1996).  Courts have noted, and this Court agrees, that the test as to the meaning of "common legal interest" is not clear.  See Rayman v. American Charter Fed. Sav. & Loan Assoc., 1993 U.S. Dist. LEXIS 21171, *18 (D. Neb. May 12, 1993); Hewlard-Packard Co. v. Bausch and Lomb Inc., 115 F.R.D. 308, 310 (N.D. Cal. 1087).  However one court explained:

> Where there is consultation among several clients and their jointly retained counsel, allied in common legal cause, it may reasonably be inferred that the resultant disclosures are intended to be insulated from exposure beyond the confines of the group; that inference, supported by a demonstration that the disclosures would not have been made but for the sake of securing, advancing, or supplying legal representation, will give sufficient force to a

---

predominant view of the relevant case law holds that the disclosure of privileged information during settlement conferences does indeed constitute a waiver of the privilege.

subsequent claim to the privilege.

In re Grand Jury Subpeona Duces Tecum, 406 F. Supp. 381, 386 (S.D.N.Y. 1975).

Thus the usual application of the common interest doctrine are in matters involving co-defendants.  There is no indication that HEDA and LGX were at any time co-defendants in connection with any matter leading to the present litigation.  While the Trustee claims HEDA and LGX were represented by the same attorney in several of the same matters, there is no indication that the disclosures at issue were made *as a result* of those matters.  Rather, the Trustee indicates that Leroy Patton simultaneously represented LGX and HEDA in a matter unrelated to the present litigation.  There is no basis upon which the Court may determine that the disclosures at issue are *resultant* of Mr. Patton's simultaneous representation.

The issue has also previously arisen in connection with patent rights.  See, e.g., In re Regents, 101 F.3d 1386, 1389 ("both parties had the same interest in obtaining strong and enforceable patents) (citing Baxter v. Travenol v. Abbott Labs., 1987 WL 12919, *1 (N.D. Ill June 19, 1987 ("A community of legal interests may arise between parties jointly developing patents; they may have a common legal interest in developing the patents to obtain the greatest protection and in exploiting the patents."); SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 514 (D. Conn.) ("whether the legal advice was focused on pending litigation or on developing a patent program that would afford maximum protection, the privilege should not be denied when the common interest is clear.") appeal dismissed, 534 F. 2d 1031 (2d Cir. 1976).  The issue has also been litigated in connection with business interests.  See Hewlett Packard, 115 F.R.D at 308 (court held Bausch & Lomb had a common legal interest with GEC since the parties were in merger negotiations); Rayman, 1993 U.S. Dist. LEXIS 21171, *1 (the court further held that

defendant's disclosure of the protected documents to its corporate successor prior to their merger did not constitute a waiver of the privilege because defendant and its successor shared a common interest.)

HEDA and LGX were neither jointly developing patents or contemplating a merger. The Trustee identifies Hinton Enterprises, Inc., owned by HEDA as an LGX investor. In his Motion to Enforce the Settlement Agreement, the Trustee explains that HEDA is a non-profit entity. HEDA's involvement in this matter pertains to a provision in the MOU which provided that Cargill would pay HEDA $1 million, plus up to an additional $3 million in royalties on any revenues Cargill might generate from its future use of the two patented manufacturing processes at issue. By paying the settlement funds to HEDA, the Trustee explains, Cargill would be able to obtain a tax benefit. This interest is most apparently a commercial, not legal interest, as required by the community interest exception to waiver. The Court finds that the Trustee waived the attorney-client privilege and work product immunities with respect to the documents and information Cargill seeks.

## **CONCLUSION**

For the foregoing reasons this Court will grant Plaintiff's Motion to Compel 1) the Production of Withheld documents; and 2) Deposition Testimony. The Court will overrule the objections interposed by the Trustee, Keith Dutill, and Lee Rosengard to subpoenas served by Cargill upon Dutill and Rosengard.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARGILL, INCORPORATED,** <br> Plaintiff, <br> <br> v. <br> <br> **LGX LLC, ET AL.,** <br> Defendants. | CIVIL ACTION NO. 00-4252 |

**ORDER**

**AND NOW**, this 13th day of July, 2007, upon consideration of Plaintiff's Motion to Compel (Doc. 149), The Trustee's Response in Opposition (Doc. 150), Plaintiff's Motion for Leave to File a Reply Brief (Doc. 151), a Motion for Protective Order filed by Keith R. Dutill and Lee A. Rosengard (Doc. 155), and Plaintiff's Response (Doc. 158), **IT IS HEREBY ORDERED AND DECREED** that:

1. Plaintiff's Motion to Compel is **GRANTED**.

2. Plaintiff's Motion to File a Reply Brief is **GRANTED**.

3. The Motion for Protective Order filed by Keith R. Dutill and Lee A. Rosengard is **DENIED**.

**IT IS FURTHER ORDERED** that Keith Dutill and Lee Rosengard shall, within five (5) days of the entry of this Order, produce all documents identified on their privilege log, and shall answer Cargill's deposition questions regarding the subject matter of the aforementioned documents.

**BY THE COURT**:

/s/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.D.J.**

6